ORIGINAL

E-FILED

Monday, 26 November 2012 02:11:09 PM

Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

AT PEORIA

FILED

NOV 21 2012

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
                           )
         Plaintiff, )
                           )
                           )
v.                         )       Case No. 12-_10148_____
                           )
PETER IAN TURNER, )       VIO:   Title 26, United States
                           )       Code, Section 7201
         Defendant. )

## INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

**(Tax Evasion -- Evasion and Defeat of Payment of Tax -- Year 2000)**

### Background

1. During the time period relevant to this Count:

     A.     the defendant resided in the Central District of Illinois;

     B.     the defendant was employed by The Kroger Co. ("Kroger") as a pharmacist until on or about April 5, 2005; and

     C.     beginning in 2003 and continuing through at least 2010, the defendant was self-employed as a relief pharmacist, serving as a pharmacist for pharmacies whose full-time pharmacists were on vacation or otherwise unavailable to work.

1

2.      The defendant was required to report on his 2000 personal income tax return the personal income he earned that year.  The defendant, well knowing and believing the foregoing fact, failed to make an income tax return on or before April 16, 2001, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax due and owing.

3.      In September 2002, the Internal Revenue Service sent notice to the defendant that it had made a tax assessment for the calendar year 2000 and that the balance of tax due for that year, as of the date of the notice, was $114,044.76, including penalties and interest.

4.      On or about October 21, 2004, the Internal Revenue Service sent notice to the defendant announcing its intent to take action to satisfy the balance due and owing by the defendant to the United States.  As of October 21, 2004, the balance of the tax due for the calendar year 2000 was $143,488.27, including penalties and interest.  The notice stated, "To prevent collection action, please send your full payment today."

5.      On or about March 14, 2005, the Internal Revenue Service filed a Notice of Federal Tax Lien on a parcel of real estate the defendant and a family member purchased in 2004.

6.      On or about March 31, 2005, the Internal Revenue Service imposed a levy in the amount of $6,500 on the defendant's regular monthly earnings at

2

Kroger of approximately $8,300.  Approximately one week later, the defendant resigned his employment at Kroger.

7.  As of the date of this Indictment, the defendant has not petitioned the United States Tax Court for review of his calendar year 2000 tax deficiency.

## The Charge

8.  From at least on or about March 2001 and continuing through at least December 2010, in the Central District of Illinois and elsewhere, the defendant,

### PETER IAN TURNER,

did unlawfully and willfully evade and defeat and attempt to evade and defeat the payment of a part of the personal income tax due and owing by him to the United States of America for the calendar year 2000 by, among other things, concealing and attempting to conceal from the Internal Revenue Service the nature and extent of his income and assets and placing funds and property in the names of nominees.

## Affirmative Acts of Evasion

9.  The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the payment of tax for the calendar year 2000 included, but were not limited to:

3

*False Statements*

A.     In March 2001, the defendant filed and caused to be filed a Form W-4, Employee's Withholding Allowance Certificate, in which the defendant falsely represented that he was "exempt" from federal income tax withholding.

B.     In March 2002, the defendant filed and caused to be filed a Form W-4, Employee's Withholding Allowance Certificate, in which the defendant falsely represented that he was "exempt" from federal income tax withholding.

*Creation of Trusts and Real Estate Transactions*

C.     In approximately March 2004, the defendant and a family member, "C.D.T.," established and caused to be established a trust named "Trinity Enterprises," also known as "Trinity Consultants" ("Trinity"). The defendant and C.D.T. held themselves out as trustees of Trinity.  The purpose and effect of Trinity was to defraud the United States by attempting to fraudulently conceal the defendant's income and assets.

D.     In approximately June 2004, the defendant and C.D.T. established and caused to be established a trust named "Normandy Contractors."  The defendant and C.D.T. held themselves out as trustees of Normandy Contractors.  The purpose and effect of Normandy Contractors

was to defraud the United States by attempting to fraudulently conceal the defendant's income and assets.

E.    In July 2004, the defendant and C.D.T. used and caused to be used a cashier's check in the amount of $59,077.84 to purchase a parcel of real estate, now commonly known as 104 Fox Ridge Lane, Washington, Illinois 61571, PIN: 02-02-07-101-003 ("Fox Ridge Property"), and caused the property to be titled in Trinity's name.

F.    On or about March 14, 2007, the defendant and C.D.T. transferred and caused the transfer of the Fox Ridge Property from Trinity to Normandy Contractors.

*Financial Transactions*

G.    In 2007 and 2008, the defendant acted as the general contractor for the construction of a residence on the Fox Ridge Property. In approximately August 2007, the defendant paid a subcontractor, "L.C.," approximately $15,000 in cash for foundation work L.C. performed on the Fox Ridge Property.

H.    In November 2007, the defendant used $30,800 in cash to purchase a cashier's check in the amount of $30,791.11 made payable to a supplier, "A.H.C.I.," for various expenses relating to the construction of the defendant's private residence on the Fox Ridge Property.

I. Beginning in approximately 2005 and continuing through at least 2010, the defendant directed and caused businesses to which he provided relief pharmacist services to make payments for his services by checks payable to Trinity.

J. Beginning in approximately 2005 and continuing through at least 2010, the defendant deposited and caused to be deposited checks for relief pharmacist services he performed to bank accounts that were in Trinity's name.

K. Beginning by at least 2004 and continuing through at least 2010, the defendant used proceeds from Trinity's bank accounts for personal expenses.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2004)

1.      The Grand Jury incorporates in this Count Two the allegations in paragraph 1 of Count One.

2.      During the calendar year 2004, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $136,043.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2005, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

### PETER IAN TURNER,

from at least on or about March 13, 2002 and continuing through at least on or about January 27, 2012, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2004 by, among other things, concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

## Affirmative Acts of Evasion

3.      The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2004 included, but were not limited to:

A-E.   The Grand Jury incorporates in this Count Two the affirmative acts of evasion alleged in paragraphs 9B, 9C, 9D, 9E, and 9F of Count One.

### Bank One/JPMorgan Financial Transactions

F.      On or about July 2, 2004, the defendant and C.D.T. opened and caused to be opened a checking account, account no. xxxxx8626, at Bank One, n/k/a JPMorgan Chase Bank, N.A., in the name of Trinity ("the Trinity Bank One/JPMorgan Account"). The defendant and C.D.T. were signatories on the account.

G.      In July 2004, cash deposits were made to the Trinity Bank One/JPMorgan account in the amount of approximately $41,000. In that same month, the defendant withdrew more than $40,000 in cash from the Trinity Bank One/JPMorgan Account.

8

*False and Fraudulent Tax Return*

H.    On or about January 27, 2012, the defendant filed with the Internal Revenue Service a false and fraudulent Form 1040, U.S. Individual Tax Return, for the calendar year 2004.  In that return, the defendant failed to report any gross receipts from his relief pharmacist services in 2004, when, in fact, the defendant then and there well knew the gross receipts from his relief pharmacist services in 2004 were at least $7,360.

All in violation of Title 26, United States Code, Section 7201.

## COUNT THREE

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2005)

1.    The Grand Jury incorporates in this Count Three the allegations in paragraph 1 of Count One.

2.    During the calendar year 2005, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $144,244.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 17, 2006, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

**PETER IAN TURNER,**

from at least on or about March 13, 2002 and continuing through at least on or about January 27, 2012, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2005 by, among other things, concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

10

## Affirmative Acts of Evasion

3.      The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2005 included, but were not limited to:

A-C.   The Grand Jury incorporates in this Count Three the affirmative acts of evasion alleged in paragraphs 9B and 9C of Count One and paragraph 3F of Count Two.

*Bank One/JPMorgan Financial Transactions*

D.      In 2005, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity Bank One/JPMorgan Account.

E.      In 2005, the defendant drew checks and caused checks to be drawn on the Trinity Bank One/JPMorgan Account that were made payable to the defendant.

F.      In 2005, the defendant drew checks and caused checks to be drawn on the Trinity Bank One/JPMorgan Account that were made payable to "Cash."

*AMSouth Financial Transactions*

G.      On or about July 15, 2005, the defendant opened and caused to be opened a checking account, account no. xxxxxx2467, at AMSouth Bank, Spring Hill, Florida, in the name of Trinity ("the Trinity AMSouth

11

Account"). The person referred to herein as "D.B." was a signatory on the Trinity AMSouth Account.

H. In 2005, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity AMSouth Account.

I. In 2005, the defendant drew checks and caused checks to be drawn on the Trinity AMSouth Account that were made payable to the defendant.

J. In 2005, the defendant used and caused to be used proceeds from the Trinity AMSouth Account to pay credit card charges on personally held credit cards. The charges included charges for personal expenses.

*False and Fraudulent Tax Return*

K. On or about January 27, 2012, the defendant filed with the Internal Revenue Service a false and fraudulent Form 1040, U.S. Individual Tax Return, for the calendar year 2005. In that return, the defendant reported that his gross receipts from his relief pharmacist services in 2005 were $15,995, when, in fact, the defendant then and there well knew the gross receipts from his relief pharmacist services in 2005 were at least $57,125.

All in violation of Title 26, United States Code, Section 7201.

## COUNT FOUR

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2006)

1.    The Grand Jury incorporates in this Count Four the allegations in paragraphs 1A and 1C of Count One.

2.    During the calendar year 2006, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $178,249.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 16, 2007, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

### PETER IAN TURNER,

from about March 2004 and continuing through at least on or about January 27, 2012, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2006 by, among other things, concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

**Affirmative Acts of Evasion**

3.    The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2006 included, but were not limited to:

A-B.    The Grand Jury incorporates in this Count Four the affirmative acts of evasion alleged in paragraph 9C Count One and paragraph 3G of Count Three.

*Purchase of Asset Using Trinity's Name*

C.    On or about January 9, 2006, the defendant and C.D.T. purchased a 2005 four-wheel drive, Chevrolet Suburban with a loan from JPMorgan Chase Bank, N.A.  ("the Suburban Loan").  The defendant and C.D.T. caused the Suburban to be jointly titled in the names "Peter I. Turner DBA Trinity Consulting" and "[C.D.T.]."  C.D.T. used the Suburban for personal use with the defendant's knowledge.

*AMSouth Financial Transactions*

D.    In 2006, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity AMSouth Account.

E.    In 2006, the defendant used and caused to be used proceeds from the Trinity AMSouth Account for payments on the Suburban Loan.

F.    In 2006, the defendant used and caused to be used proceeds from the Trinity AMSouth Account to pay credit card charges on

14

personally held credit cards.  The charges included charges for personal expenses.

*Bank of America Financial Transactions*

G.     On or about May 5, 2006, the defendant opened and caused to be opened a checking account, account no. xxxx xxxx 3404, at Bank of America, N.A., Tampa, Florida, in the name of Trinity ("the Trinity Bank of America Account").  The person referred to herein as "J.W." was a signatory on the Trinity Bank of America Account.

H.     In 2006, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity Bank of America Account.

I.     In 2006, the defendant drew and caused to be drawn on the Trinity Bank of America Account checks that were made payable to the defendant.

J.     In 2006, the defendant used and caused to be used proceeds from the Trinity Bank of America Account for payments on the Suburban Loan.

K.     In 2006, the defendant used and caused to be used proceeds from the Trinity Bank of America Account to pay credit card charges on personally held credit cards.  The charges included charges for personal expenses.

*False and Fraudulent Tax Return*

L.    On or about January 27, 2012, the defendant filed with the Internal Revenue Service a false and fraudulent Form 1040, U.S. Individual Tax Return, for the calendar year 2006.  In that return, the defendant reported that his gross receipts from his relief pharmacist services in 2006 were $72,891, when, in fact, the defendant then and there well knew the gross receipts from his relief pharmacist services in 2006 were at least $98,248.

All in violation of Title 26, United States Code, Section 7201.

## COUNT FIVE

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2007)

1.      The Grand Jury incorporates in this Count Five the allegations in paragraphs 1A and 1C of Count One.

2.      During the calendar year 2007, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $140,731.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2008, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

### PETER IAN TURNER,

from about March 2004 and continuing through at least on or about January 27, 2012, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2007 by, among other things, making false statements and otherwise concealing and attempting to conceal the nature and extent of his income and assets.

## Affirmative Acts of Evasion

3.      The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2007 included, but were not limited to:

A-G.   The Grand Jury incorporates in this Count Five the affirmative acts of evasion alleged in paragraphs 9C, 9D, 9F, 9G, and 9H of Count One and paragraphs 3C and 3G of Count Four.

*Bank of America Financial Transactions*

H.      In 2007, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity Bank of America Account.

I.      In 2007, the defendant drew and caused to be drawn on the Trinity Bank of America Account checks that were made payable to the defendant.

J.      In 2007, the defendant used and caused to be used proceeds from the Trinity Bank of America Account for payments on the Suburban Loan.

K.      In 2007, the defendant used and caused to be used proceeds from the Trinity Bank of America Account to pay credit card charges on personally held credit cards. The charges included charges for personal expenses.

L.    In 2007, the defendant used and caused to be used proceeds from the Trinity Bank of America Account in the sum of at least $40,000 to pay a subcontractor, "S.C.," for construction work S.C. performed on the Fox Ridge Property.

*False and Fraudulent Tax Return*

M.    On or about January 27, 2012, the defendant filed with the Internal Revenue Service a false and fraudulent Form 1040, U.S. Individual Tax Return, for the calendar year 2007.  In that return, the defendant reported that his gross receipts from his relief pharmacist services in 2007 were $114,545, when, in fact, the defendant then and there well knew the gross receipts from his relief pharmacist services in 2007 were at least $126,025.

All in violation of Title 26, United States Code, Section 7201.

## COUNT SIX

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2008)

1.  The Grand Jury incorporates in this Count Six the allegations in paragraphs 1A and 1C of Count One.

2.  During the calendar year 2008, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $164,439.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2009, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

### PETER IAN TURNER,

from about March 2004 and continuing through at least on or about January 27, 2012, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2008 by, among other things, concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

20

### Affirmative Acts of Evasion

3.    The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2008 included, but were not limited to:

A-C.    The Grand Jury incorporates in this Count Six the affirmative acts of evasion alleged in paragraph 9C of Count One and paragraphs 3C and 3G of Count Four.

*Bank of America Financial Transactions*

D.    In 2008, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity Bank of America Account.

E.    In 2008, the defendant used and caused to be used proceeds from the Trinity Bank of America Account for payments on the Suburban Loan.

F.    In 2008, the defendant used and caused to be used proceeds from the Trinity Bank of America Account to pay credit card charges on personally held credit cards.  The charges included charges for personal expenses.

*False and Fraudulent Tax Return*

G.      On or about January 27, 2012, the defendant filed with the Internal Revenue Service a false and fraudulent Form 1040, U.S. Individual Tax Return, for the calendar year 2008.  In that return, the defendant reported that his gross receipts from his relief pharmacist services in 2008 were $106,779, when, in fact, the defendant then and there well knew the gross receipts from his relief pharmacist services in 2008 were at least $164,439.

All in violation of Title 26, United States Code, Section 7201.

## COUNT SEVEN

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2009)

1.    The Grand Jury incorporates in this Count Seven the allegations in paragraphs 1A and 1C of Count One.

2.    During the calendar year 2009, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $164,835.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 15, 2010, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

### PETER IAN TURNER,

from about March 2004 and continuing through at least on or about January 27, 2012, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2009 by, among other things, concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

### Affirmative Acts of Evasion

3.      The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2009 included, but were not limited to:

A-B.    The Grand Jury incorporates in this Count Seven the affirmative acts of evasion alleged in paragraph 9C of Count One and paragraph 3G of Count Four.

*Bank of America Financial Transactions*

C.      In 2009, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity Bank of America Account.

D.      In 2009, the defendant used and caused to be used proceeds from the Trinity Bank of America Account to pay credit card charges on personally held credit cards. The charges included charges for personal expenses.

*False and Fraudulent Tax Return*

E.    On or about January 27, 2012, the defendant filed with the Internal Revenue Service a false and fraudulent Form 1040, U.S. Individual Tax Return, for the calendar year 2009.  In that return, the defendant reported that his gross receipts from his relief pharmacist services in 2009 were $128,536, when, in fact, the defendant then and there well knew the gross receipts from his relief pharmacist services in 2009 were at least $164,834.

All in violation of Title 26, United States Code, Section 7201.

## COUNT EIGHT

### (Tax Evasion -- Evasion and Defeat of Tax -- Year 2010)

1.      The Grand Jury incorporates in this Count Eight the allegations in paragraphs 1A and 1C of Count One.

2.      During the calendar year 2010, in the Central District of Illinois and elsewhere, the defendant, PETER IAN TURNER, had and received taxable income in the sum of approximately $107,757.  Upon that taxable income, there was due and owing to the United States personal income tax.  Well knowing and believing the foregoing facts, and failing to make an income tax return on or before April 18, 2011, as required by law, to any proper office of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, the defendant,

### PETER IAN TURNER,

from about March 2004 and continuing through at least April 18, 2011, did unlawfully and willfully evade and defeat and attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2010 by, among other things, concealing and attempting to conceal from all proper officers of the United States of America his true and correct income.

## Affirmative Acts of Evasion

3.    The defendant's acts constituting his willful evasion and defeat and attempt to evade and defeat the income tax due and owing by him for the calendar year 2010 included, but were not limited to:

A-B.    The Grand Jury incorporates in this Count Eight the affirmative acts of evasion alleged in paragraph 9C and Count One and paragraph 3G of Count Four.

*Bank of America Financial Transactions*

C.    From about January through December 2010, the defendant deposited and caused to be deposited checks for relief pharmacist services into the Trinity Bank of America Account.

D.    In 2010, the defendant used and caused to be used proceeds from the Trinity Bank of America Account to pay credit card charges on personally held credit cards. The charges included charges for personal expenses.

All in violation of Title 26, United States Code, Section 7201.

A true bill,

s/Foreperson

FOREPERSON

s/Greg Walters

JAMES A. LEWIS
UNITED STATES ATTORNEY
grw

27